**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    **-v-**              **Case No. 03-CR-259**

**GARY R. GEORGE,**

      **Defendant.**

---

## DECISION AND ORDER

---

  Gary George ("George") pled guilty to a conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. This Court sentenced George to 48 months' imprisonment and ordered him to pay restitution in the amount of $613,746.36. On appeal, the Seventh Circuit affirmed George's sentence, but it vacated and remanded this Court's restitution order. *See United States v. George*, 403 F.3d 470 (7th Cir. 2005), *cert. denied*, 126 S.Ct. 636 (Nov. 7, 2005). The Seventh Circuit held that this Court did not sufficiently articulate its rationale for the restitution figure. The Court does so in this decision, but, in light of the Seventh Circuit authority, changes the restitution amount from $613,746.36 to $568,596.48.

### DISCUSSION

  The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, requires that courts order restitution to the victims of crimes of fraud or deceit. 18 U.S.C. §

3663A(c)(1)(A)(ii). A "victim" in an offense that involves a conspiracy is "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). Thus, even though George was convicted for conspiring to defraud the United States, the State of Wisconsin is a "victim" because Wisconsin was directly harmed in the course of George's conspiracy to defraud. *See United States v. Mitrione*, 357 F.3d 712, 721 (7th Cir. 2004).

The Supreme Court, in *Hughey v. United States*, 495 U.S. 411 (1990), limited restitution to those losses caused by the actual count of conviction. After the Supreme Court's decision in *Hughey*, Congress amended the restitution statute by providing that if the conviction involves a conspiracy, restitution may include all losses caused during the course of that conspiracy. *See* 18 U.S.C. § 3663(a)(2). At least one federal circuit court concluded that the amendment abrogated the holding of *Hughey* in instances where the defendant had been convicted of a conspiracy. *See United States v. Gamma Tech. Indus.*, 265 F.3d 917, 927 n.10 (9th Cir. 2001). This Court acted under that presumption. For example, even though George's conspiracy to defraud the Police Athletic League ("PAL") was part of Counts Two and Three of the indictment, which was dismissed in the plea agreement, this Court ordered that George pay PAL $42,649.88 in restitution because the Court found, by a preponderance of the evidence, that PAL was harmed by George's conspiracy to defraud.

However, on appeal the Seventh Circuit stated that even in a conspiracy case, "*Hughey* requires the court to exclude injuries caused by offenses that are not part of the scheme of which George has been convicted." *George*, 403 F.3d at 474. Therefore, this

2

Court cannot order George to pay $42,649.88 in restitution to PAL, because PAL's loss was not connected to George's scheme to defraud as annunciated in Count One of the indictment, which is the only count to which George pled guilty. Furthermore, this Court cannot, as it did initially, order George to pay the State of Wisconsin $2,500.00 for the kickback he received from his attorney, Mark Sostarich ("Sostarich"), relating to a redistricting case in which George was involved, because that kickback, likewise, was not part of the conspiracy to defraud as described in Count One. That kickback, rather, was described in Count Four of the indictment, which was dismissed in the plea agreement.

The State of Wisconsin, though, is entitled to receive the remaining $568,596.48 in restitution from George. This part of the restitution order is a combination of: (a) kickbacks that George received from Sostarich's legal fees that Sostarich charged the Opportunities Industrialization Center of Greater Milwaukee ("OIC"), and (b) George's misuse of state employees. Both of these harms are described in and arise out of Count One of the indictment to which George pled guilty.

I.  Kickbacks from Mark Sostarich's OIC Legal Fees

OIC was a non-profit organization that held contracts to administer Wisconsin's welfare-reform program, known as W-2. Before the State of Wisconsin took over the program in February 2005, OIC had received approximately $150 million from the State of Wisconsin, including millions of dollars each year provided by the federal government under the state W-2 program.

In October 1997, George, who at the time was a member of the Wisconsin State Senate, and OIC president Carl Gee, agreed that OIC would put Attorney Mark Sostarich on a monthly retainer, provided that Sostarich paid a kickback of part of his fees to George. Between December 1998 and August 2002, OIC made monthly payments to Sostarich under the retainer. Eighty percent of the monthly retainer payments OIC made to Sostarich were then given to George as a kickback in exchange for George providing Sostarich the OIC business. In addition to the monthly retainer, Sostarich also did legal work for OIC that was separately billed. Sostarich funneled fifty percent of these fees to George. The total amount of OIC funds paid to George through Sostarich under this arrangement was $273,415.48.

George argues, though, that while he may have gained $273,415.48 illicitly, OIC did not suffer a loss. By all accounts, Sostarich performed the legal work he was assigned to do for OIC satisfactorily. George argues, therefore, that OIC was not harmed because OIC received the legal services from Sostarich that it paid him to do.

George's argument is unpersuasive. George and Sostarich conspired with the president of OIC, Carl Gee, to set up the kickback scheme. OIC's president knew that a majority of the payments OIC was making to Sostarich was not for his legal work, but rather was going to be paid as a kickback to George. In other words, Gee knew that Sostarich was willing to do the legal work for a fraction of what OIC was actually paying him, but nevertheless agreed to pay Sostarich significantly more so that George could profit from the kickbacks. By knowingly paying Sostarich much more in legal fees so that George could profit from the kickbacks, OIC suffered a substantial loss.

4

Accordingly, OIC is entitled to $273,415.48 in restitution that it lost to George as a result of George's kickback scheme.

II.     Misuse of State Employees

As a Wisconsin State Senator, the State of Wisconsin provided George with staff and legislative aides to assist him in his duties as a state senator. During the sentencing hearing, three members of his staff testified, namely, Roemmel Brown ("Brown"), Dan Rossmiller ("Rossmiller"), and David Begel ("Begel"). They testified that despite only receiving compensation in the form of their salary from the State of Wisconsin, George routinely directed them to work on a substantial amount of a non-state matters, including campaign-related work, work related to George's private law practice, managing George's personal finances, and various personal errands. George's staff members testified that they spent anywhere between one-quarter and three-quarters of their time doing George's non-legislative work. After hearing the totality of their testimony regarding the various assignments that George would direct them to do, the Court concluded that approximately half of his staff's time was spent working on non-state matters.

During the time period covered by Count One, the State of Wisconsin paid Brown a salary of $103,958.79, Rossmiller a salary of $249,786.38, and Begel a salary of $236,615.87, for a total of $590,361.04. Because half of their time was spent on non-state matters relating to George's business, campaign, and personal matters, the Court

5

directs George to pay the State of Wisconsin $295,181.00, which is half of the salary Wisconsin paid his staff during the relevant time period.

III. Conclusion

The $295,181.00 restitution George owes Wisconsin for the misuse of state employees, combined with the $273,415.48 that George received in kickbacks from the legal fees OIC paid Sostarich, results in a total of $568,596.48. George is directed to pay the Office of the State Comptroller (State of Wisconsin) $568,596.48 in restitution.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2006.

**SO ORDERED,**

 s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**